

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 14, 1954

Hon. Ernest O. Thompson, Chairman          Opinion S-140
Railroad Commission of Texas
Tribune Building                                         Re: Jurisdiction of the Railroad
Austin, Texas                                                  Commission of Texas to control
                                                                      and regulate the suppliers of
                                                                      natural gas when such gas is
                                                                      used to pump water for agri-
                                                                      cultural purposes pursuant to
                                                                      Chapter 31, Acts 53rd Legis-
Dear General Thompson:                                      lature, 1st C.S., 1954.

You have requested that this office

"advise by opinion as to whether or not the Rail-
road Commission can demand that the suppliers of natural
gas, by pipe line, for agricultural uses, as defined in
H.B. No. 64, shall comply with all of the article 6050
to 6066 inclusive, except Article 6050 which is specifi-
cally excluded by H. B. No. 64."

House Bill 64 was enacted into law as Chapter 31, Acts 53rd
Legislature, 1st Called Session, 1954.

Further communications with this office establish that you
specifically want to know the character of operations contemplated by
Chapter 31, necessary to exempt the supplier of natural gas from the
provisions of Article 6050, Vernon's Civil Statutes; if suppliers of
natural gas for the purposes set out in Chapter 31 are exempt from pay-
ing the gas utility tax levied by Article 6060, V.C.S.; and whether a
supplier exempt from the tax will be subject to the safety rules and
regulations of the Railroad Commission of Texas.

At the outset we refer you to Attorney General's Opinion No.
S-123, written prior to the enactment of Chapter 31. It was there held,
inter alia, that the Railroad Commission could not issue an order provid-
ing that a supplier of natural gas to a localized area for irrigation
pump fuel would not be a "gas utility." The writer thereof observed,
however, that "irrespective of such determination, the statutory defini-
tion of a 'gas utility' prescribed by the Legislature could clearly be
amended to provide a specific exception for the operations described in
your request."

We believe that Chapter 31 was enacted pursuant to the above holding and observation.

Chapter 31 provides in part:

"Section 1. Article 6050 of the Revised Civil Statutes of Texas, 1925, is hereby amended by adding thereto two new sections, 4 and 4a, to read as follows:

"'Sec. 4. Provided, however, that the act or acts of transporting, delivering, selling or otherwise making available natural gas for fuel, either directly or indirectly, to the owners of irrigation wells or the sale, transportation or delivery of natural gas for any other direct use in agricultural activities shall not be construed within the terms of this law as constituting any person, association, corporation, trustee, receiver or partnership as a 'gas utility,' 'public utility,' or 'utility' as hereinabove defined so as to make such person, association, corporation, trustee, receiver or partnership subject to the jurisdiction, control and regulation of the Commission as a gas utility.

"'Sec. 4a. The natural gas made available under the provisions of this Act shall be used exclusively for pumping water for farm and other agricultural purposes in order for the person, firm, association, or corporation furnishing such natural gas to be exempt from the provisions of said Article 6050 of the Revised Civil Statutes of Texas of 1925. The provisions of this Act shall be considered only as cumulative of other laws and shall not have the effect of repealing or amending any substantive or statutory law except as herein specifically provided.'"

Section 4a declares that the supplier of natural gas is exempt from the provisions of Article 6050 only when the gas supplied is used exclusively "for pumping water for farm and other agricultural purposes." Therefore, if the gas is used for any purpose other than the pumping of water for agricultural purposes, the supplier of such gas would not be exempt from the provisions of Article 6050.

Article 6060, V.C.S., imposes a gross receipts tax on "every gas utility." As the supplier of natural gas for the prescribed use is not a "gas utility" under the terms of Chapter 31, such supplier is not subject to the payment of this tax. Of course, should such supplier make, sales of natural gas to be used for a purpose other than "pumping water for farm and other agricultural purposes", then the receipts from those sales would be subject to the tax levied by Article 6060, and the supplier would be a "gas utility" within the purview of Article 6050 insofar as those sales are concerned.

It is further our opinion that exemption from the provisions of Article 6050, which is merely a definition and classification statute, does not wholly remove the supplier of gas under Chapter 31 from the jurisdiction of the Railroad Commission of Texas.

It should be noted that Chapter 31 is "cumulative of other laws and shall not have the effect of repealing or amending any substantive or statutory law" except as specifically provided therein. (Sec. 4a).

Article 6051, R.C.S., provides:

"The operation of gas pipe lines for buying, selling, transporting, producing or otherwise dealing in natural gas is a business which in its nature and according to the established method of conducting the business is a monopoly and shall not be conducted unless such gas pipe line so used in connection with such business be subject to the jurisdiction herein conferred upon the Commission. The Attorney General shall enforce this provision by injunction or other remedy."

The above article is not restricted in its operation to "gas utilities", but affects "the operation of gas pipe lines for buying, selling, transporting, producing, or otherwise dealing in natural gas."

The operations contemplated by Chapter 31 undoubtedly constitute a "dealing in natural gas" even though such operations are not those of a "gas utility" (by virtue of the exemption contained in Chapter 31).

Section 2 of Article 6053, V.C.S., grants the Commission "full power and authority to prescribe such rules and regulations as in its wisdom may be deemed necessary to carry out the purposes" of the Natural Gas Act. As the protection, health, welfare and safety of the public is an evident purpose of the Act (Art. 6053), we conclude that the supplier of natural gas under the provisions of Chapter 31 is within the jurisdiction of the Railroad Commission to the extent that he must comply with all valid rules and regulations of the Commission which are designed to promote the protection, health, welfare and safety of the public.

## SUMMARY

A supplier of natural gas, pursuant to the provisions of Chapter 31, Acts 53rd Legislature, 1st C.S. 1954, is not a "gas utility" within the provisions of Article 6050, V.C.S., when the gas supplied is used exclusively for pumping water for agricultural purposes. Not being a "gas utility" under such circumstances, the supplier is not subject to the

gross receipts tax levied against gas utilities by Article
6060, V.C.S. Such supplier is within the jurisdiction of
the Railroad Commission, however, to the extent that he
must comply with all safety rules and regulations of that
body.

APPROVED:

Phillip Robinson
Oil and Gas Division

L. P. Lollar
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

MS:hepm

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By: Mert Starnes
Mert Starnes
Assistant